RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 10 2009

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

## CRIMINAL INFRINGEMENT/ Racketeering/Rico Act

Complaint

1 09-MI-0479

Plaintiff:  Larry Lamont Ledford

Statue Violations
U.S.C. Title 17 Section 106
U.S.C. Title 17 Section 506
U.S.C. Title 17 Section 1202
U.S.C. Title 18 Section 2319
U.S.C. Title 18 Section 2318
U.S.C. Title 18 Section 1957
U.S.C. Title 18 Section 1962

Vs

Defendants:  Dallas Austin, Tina "Gordon" Chism", Antwone Fishers, Chris Robinson-Tionne Watkins Distributors Warner Bros. and Atlantic Recordings

1

APP.B-2

Classification that is being in filed in Federal Court: "<u>Criminal Copyright Infringement /Racketeering/Rico Act</u>

(1) In the month of November 2004 I've submitted a copy written manuscript: "Southern Hospitality", that was registered with the Library of Congress in the Seth day of September 2001/ later revised and received its second certificate of registration with the library of Congress in 2003-   There were only two entities that received this fully formatted script and comprehensive movie proposal- the Library of Congress, and Independent Black Film Festival.  Under Exhibit (A) of evidence titled: Southern Hospitality".  The court will find the following.

A. <u>Gross receipt projections/Movie Research Information</u>

B. <u>Copyright Management/ Protection Information</u>

C. <u>Cast of Characters</u>

D. <u>Title of story</u> as well as authors name, address and telephone number

E. <u>Strategic facilities</u> and <u>locations</u> that were to be used in the over all development of the movie.

F. <u>Story Dialogue Scene by Scene</u>

(2) Upon receiving my certificate of registration for the second copyright certification. I then entered my manuscript entitled: "Southern Hospitality" with the Independant Black Film festival that was promoting a screenwriting competition in 2005- In Atlanta, Georgia, winners was to be announced in February 2005.  I was never notified of the possibility of winning the competition.   Moving forward. The following year media reports have been circulating that a movie

2

was being produce entitled: "Jellybean" Which later turned out to be just a deterrent to shield any legal case such as an injunction to prevent this movie from being developed and distributed by the name defendant "Mr. Dallas Austin" a music producer who resides in Atlanta, Georgia. When I discovered that Mr. Austin was developing this movie, I then became very concern and thus began my investigation in this regard. The producers' then change the movie title to "ATL" and according to their late registration with the copyright office -also appeared as an Untitled Project by Chris Robinson. During my investigation there were no histories of any creation dates, nor were there any copyrights ever recorded regarding this movie, until March 30, 2006. The date the movie was released.

(3) I later contacted the Independent Black Film Festival in the month of October 2006 4:30 pm, and spoke to one of the organizers name : "Sonja Robinson" - who identified herself as the C.O.O. Chief operating officer of Independent Black film festival. I contacted the number from the application under (Exhibit I) and left a message. When Ms. Robinson returned my phone call. I asked her was "Mr. Dallas Austin ever involved in this film festival in any form"? She concurred, and thus confirmed that Mr. Austin was indeed involved in the festival, as one of the panel of judges- judging the script writing competition. Upon receiving this information from Ms. Robinson I then informed her that a Criminal Infringement Lawsuit will be filed in Federal Court. After she had heard what was being suggested to her; she abruptly ended the conversation by informing me she would later contact me if she had any additional information in this regard. She contacted me with in fifteen minutes and responded by saying: "Dallas Austin was never part of the IBFF nor was he around any of the facilities that was holding workshops. She also said she had spoken to their IBFF lawyer's she went on to say that their lawyers stated that they were out of the clear of any wrongdoing.

(4) Continuing this prima facie, I would like to read (Exhibit H)
1. Recent research, which was discovered on the internet under exodusnews.com - Inauguration of the Independent black film Market paragraph five- Reads as follows: "The independent black Film Festival has partnered with the Dallas Austin foundation to award and showcase independent features, documentaries, and short

films at our juried day of festival. This report contradicts everything Ms. Robinson told me over the phone; it was another effort to cover up the criminal activity that had taken place.

(5) Legal issues and acts of violations pertaining to the case:

   A. The Defendant unlawfully violated Copyrights statues regarding the reproduction and distribution, and exclusive rights of the authors copyrighted work.
   B. The Defendants provided false copyright management information and disregarded the integrity of copyright management information as a whole. Pursuant to the following:
      1. Title of the manuscript
      2. Name of Author
      3. Address & Contact Information
      4. Notice of Copyright Information etc.

(5). The defendants engaged in Trafficking in counterfeit labels, illicit labels, or documentation of packaging.

(6) The defendants also engaged in a monetary transaction of property that was derived from specified unlawful activity that superseded a numerical threshold over $10,000.00 dollars.

APP.B-3

As directed by the courts the following statues, codes, are the violations that were committed by the four defendants named in the complaint, Dallas Austin, Tionne Watkins, Antwone Fishers, and Tina Gordon Chism beginning with the following statues of the United States Federal code: Title 17 under criminal infringements of copyrights statues:

The defendants read my research data regarding the potential and gross receipts of Southern Hospitality and decided to rewrite and reproduce it with out contacting, and without permission of the Author Larry Lamont Ledford owner of the exclusive rights.

(1). <u>Violating Title 17 United States Code section 106</u>: Exclusive Rights in copyrighted works. And all the applicable statues that are outlined in title 17 of the U.S.C. Title 17 Section 106.

(2). A mens reas has been established when the following acts where committed with respect to (exhibit- A). Southern Hospitality

(A). <u>United States Code title 17 Section 506</u>:
1. Subsections (c) provided Fraudulent Copyright Notice to the copyright office. (d) Fraudulent Removal of copyright Notice (E) False Representation Knowing that the information they provided was false- Refer to (Exhibit-E) the Defendants notice of registration TX: Numbers, PAu003011594 dated 2006-03-30 creation date 2000. Title: "Jelly Beans"/Antwone Fishers.

Exhibit (F) TX number 2, the writers and Mr. Dallas Austin filed another registration of copyrights with the copyrights office. Beginning with the following TX numbers: PAu003011593/ dated 2006-03-30 creation date 2005. Moreover, I would like to ad ( Exibit D) under pre-registration number pre00000131 /2006-03-29. The court will also see that the defendants had pre-registered the movie that has three different titles, but if the court will noticed, there is no listing of the writers, Mr. Antwon Fisher alleged draft, nor Tina Gordon Chism screenplay that was received on the initial pre-registration application that was certified in 2006- 03-29. This Prima Facie is Non-Sequitor there were no evidence from January 2000 to March 29, 2006 of any creation date as well as the work being registered with the copyright office made by these authors, who quite frankly are claiming their screenplay as well as the story of Atl was original.

Creation dates as well as registrations finally received its certification when the movie was released on March 30 2006. They were registered out of chronological order and on the same dates. Thus, giving the impression that they were providing a fraudulent copyright notice, making also false representation by claiming that their work was original. Violating section <u>506 U.S.C. Title 17 subsection C.</u> Secondly, under (exhibit A) Southern Hospitality last sentence in paragraph two the court will also find that the copyright notice was in place and it was removed according to their registrations they've made and the submission of their version of the story to the copyright office. Last by affixing their names as the writers of the story and screenplay knowing that it was false they violated subsection (E) U.S.C.

5

Title 17 of section 506. It was a consorted effort on the part of Austin, Fisher, Chism, and Chris Robinson, Tionne Watkins to achieve personal and financial gain regarding these statutes under <u>Section 506 of the United States Code title 17</u> Subsections (C) (D) (E) respectfully.

Furthermore, the defendants also violated- <u>U.S.C. title 17 section 1202 Integrity of copyright management Information.</u> Subsection (A) False Copyright Management information.- The statues are clear regarding the law as provided in this section. No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement.

    (1) provide copyright management information that is false or
    (2) distribute or import for distribution copyright management information that is false.

    (b) Removal or Alteration of Copyright Management information.- no person shall, without the authority of the copyright owner or the law-

        (1) intentionally remove or alter any copyright management information,
        (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered with authority of the copyright owner of law, or
        (3) distribute, import for distribution, or publicly perform works, copies of works, or , knowing that copyright management information has been removed or altered with authority of copyright owner or the law.

    Knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

As described in Subsection (C) Definition- the court will find under evidence (Exhibit A): Southern Hospitality on the front page of this manuscript you will find that the Copyright Management information is in place.

    1. Title: Southern Hospitality

6

2. Name of Author Larry Lamont Ledford
3. Address
4. Telephone Number
5. Email address

II.  Additional Information

1. Synopsis and story plot
2. Targeted Audience & Projected Gross Receipts
3. Most important the Copyright Notice of this Script.

All of the copyright management information was replace with Chris Robinson Untitled project, Antwone Fisher Story Jellybeans, and Screenplay by Tina Gordon Chism ATL aka Jellybeans and made part of the library of congress under this fraudulent act.

Moving forward with these conspiratorial acts also violated the statues of the <u>Rico Act under Title 18 United States Code Section 1961</u> which states that <u>Title 18 U.S.C Section 2319 is considered a act of racketeering</u> and therefore can be prosecuted under these Federal statues. The defendants <u>violated section 2319 U.S.C. title 18</u> as a result of them violating title 17 U.S.C. section 506 subsections (C) (D) (E)

<u>United States Code title 18 Section 2319</u>

Subsection (a) any person who violates section 506 (a) (relating to criminal offenses) of title 17 shall be punished as provided in subsections (C), (D), and (E) and such provisions of title 17 or any other law.

(a) Any person who commits an offense under section 506 (a) (1) (A) of U.S.C. title 17

(1) shall be imprisoned not more than 5 years, or fined in the set forth in this title, or both, if the offense consist of reproduction or distribution, including by electronic means, during any 180-day period, of at least 10 copies, of 1 or more copyrighted works, which have a value of more than $2,500.00

7

> (2) shall be imprisoned not more than 10 years, or fined in the amount set forth of this title, or both, if the offense is a second or subsequent offense under paragraph (1)

Further, I am also arguing that the defendants have <u>violated the Rico Act of 1962</u> conspiracy to commit unlawful activities resulting in criminal recklessness negligence and interstate commerce.

<u>Under Title 18 U.S.C Section 1962</u> Subsections (a), (b), (c)

> (a) it shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity.
>
> (b) It shall be unlawful for any person through a pattern of racketeering activity to acquire or maintain, directly or indirectly any interest in or any control of any enterprise which affects, interstate or foreign commerce.
>
> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section

I would like to direct the courts attention to (Exhibit D) ATL final production notes: On <u>page 7 paragraph three</u>, you will see that the filmmakers had open auditions and casting calls in various Cities, and states. Chicago, New York, Atlanta, a lastly Los Angeles. These unlawful activities is in clear violation of federal statues outlining interstate as well as commerce do to the fact that they the filmmakers and writers participated in a fraudulent act and there fore should be charged on these statues.

<u>Violation committed by the defendants: Title 18 U.S.C. Section 1957:</u>

8

<u>Engaging in monetary transaction property derived from specified unlawful activity</u>.  First, the numeric threshold here superseded $10,000 base off this calculation and premise.  A writer's fee for his or her adaptation or a movie production budget goes as follows.  Before any production is started, a writer will receive 10 percent of the budgeted movie production cost.  In the case with the defendants Dallas Austin, Tina Gordon Chism, Antwon Fisher the movie was budgeted at $20 million dollars making Ms. Chism and Mr. Fishers receiving $2 million dollar pay out.  Putting Exhibit (a) Southern Hospitality net worth at $2 million dollars respectively thus exceeding under law a value greater than $10,000.

The statutes states under subsection (a) Whoever, in any of the circumstances set forth in subsection (d) knowingly engages or attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished as provided in subsection (b).

   (1) Except as provided in paragraph (2), the punishment for an offense under this section is a fine under Title 18, United States Code, or imprisonment for not more than ten years or both.

- (2) The court may impose an alternate fine to that imposable under paragraph (1) of not more than twice the amount of the criminally derived property involved in the transaction.

- (C) In a prosecution for an offense under this section, the Government is not required to prove the defendants knew that the offense from which the criminally derived property was derived was specified unlawful activity.

- (D) The circumstances referred to in subsection (a) are-

    - (1) that the offense under this section takes place in the United States or in the special maritime and territorial jurisdiction of the United States; or

    - (2) that the offense under this section takes place in outside the United States and special jurisdiction, but the defendant is a United State person ( defined in section 3077 of this title, but

excluding the class describe in paragraph (2) (d) of such section)

(E) Violations of this section may be investigated by such components of the Department of Justice as the Attorney General may direct.

<u>Last violation: Title 18 U.S.C. Section 2318. Trafficking in counterfeit labels, illicit labels, or counterfeit documentation or packaging</u>

(a) whoever, in any circumstances describe in subsection (c), knowingly traffics in

   (1) a counterfeit label or illicit label affixed to, enclosing, or accompanying , or designed to be affixed to, enclosed, or accompany
   (e) a copy of a literary work;

   (2) Counterfeit documentation or packaging, shall be fined under this title or imprisoned for not more than 5 years, or both.

(b) As used in this section-

   (1) the term "counterfeit label" means an identifying label or container that appears to be genuine, but is not;

   (2) the term "traffic" has the same meaning as in section 2320 (e) of this title;

   (3) the term "copy" "phonorecord," "motion picture", "computer program", "audiovisual work", " literary work", etc and "copyright owner" have, respectively, the meaning given those terms in section 101 ( relating definitions) of title 17.

   (4) The term "illicit label" means a genuine certificate, licensing document, registration card, or similar labeling component-

      (A) that is used by the copyright owner to verify that a copy of a literary work or documentation or

10

packaging is not counterfeit or infringing of any copyright; and

 (B) That is, without the authorization of the copyright owner

 (C) The circumstances referred to in subsection (a) of this section are-

1. the offense is committed within the special maritime and territorial jurisdiction of the United State

2. the mail or facility of interstate or foreign commerce of the offense;

3. the counterfeit label or illicit label affixed to, encloses, or accompanies, or is designed to be affixed to, enclose, or accompany-

 (d) A copy of a literary work:

(6) In closing as requested under Fed.R.Civ.P. 34 I have included the projected gross sells of this movie as well as additional sells from its DVD sells under (Exhibit I). Moreover, Atlantic Records who produced the sound track for the movie ATL under the leadership of Dallas Austin, I was unable to retrieve any data in this regarding this defendant. All defendants will receive a copy of my full disclosure, as soon as the Clerk certifies the summons and issue me a docket number.

## Remedies Sought

The amount of relief that I am asking for is $300,000,000.00 dollars since copyright registration was registered in a timely manner 8 years ago. I am also seeking punitive damages as well as pain and suffering.

2. I am asking the court to order reward me 100 percent screen credits of the movie ATL.
3. I am also asking that the initial screen credits that were given to Mr. Antwon Fishers, and Tina Gordon Chism be strip of theses credits, do to the fact it was a criminal act of infringement.
4. Further, I am asking that the Dvd covers in the near future be revised and be replaced my name as creator, as well as Story by Larry Lamont Ledford, Screenplay by Larry Lamont Ledford.
5. Also, when Warner bros show the movie ATL on regular programming, Mr. Dallas Austin, Tionne Watkins, Antwon Fisher, Tina "Gordon Chism as well as Director Chris Robinson name should not appear on the film credits.
6. I will not compromise on the latter part of my suit. I want this to be enforced. If this cannot be reached through out of court settlement. Under the seventh amendment of the constitution. I am therefore demanding a Trial by jury for my case to be heard by and giving to the Jury.
7. I am also asking to be compensated for my Attorney fees as well as administration cost and court cost.
8. I am asking the court to also pose strict sanctions to any individuals who are continuing to profit off this movie in terms of Royalties that includes the sell and down load and ring tones that the record Company Atlantic recordings are continuing to profit from.

## Brief overview of Case of ATL & Southern Hospitality

As part of the Federal Rules of Civil proceedings, I am aware that a proper civil pleading of Infringement doesn't need to show which part of the work that was infringed upon. Therefore, I feel the need to give the court a brief overview as it relates to this prima facie. The discovery of infringement was discovered in later part of 2006, making this case eligible for any civil remedy, under U.S.C Title 17 Section 507 subsection (B) regarding the statue of limitation. It has been within the allotted three years prior to discovery.

In my initial opening statement I have presented materials that are very prevalent to my complaint. I am well prepared not only to show the various federal statues that was violated by the defendants, but I am also prepared to show the courts the visual aspect as well. Briefly, my story begins with a artist who goes by the name of Geoffrey Jackson an inspiring artist who has dreams of breaking into the movie industry as a screenwriter. He relocates to Atlanta, Georgia and discovers new friends and the warmth of Southern Hospitality. He takes a dead end job as a four star cook at a local popular restaurant called club loo. As Geoffrey makes his transition to Atlanta, he soon meets a very well to do lady name Natasha Greene, not knowing her back ground Natasha accepts Geoffrey for who, and what he is, thus becoming intimately involved in the movie.

The version that was adapted by the defendant goes as follows. A young artist who goes by the name of Rashad, played by Rapper T.I Clifford, had dreams of breaking into the newspaper business as a cartoonist. He makes his leaving in a dead end job as a janitor. The artist soon meets up with a well to do lady name New New, who is played by actress Lauren London, she too accepts Rashad for who and what he is. What the defendant attempted to do was to insert certain elements into this movie script, by adding scenes such as the drug scenes that was depicted in the movie, and played by an artist name Big Boi of the famed group Outkast as a drug dealer, who was tempting Rashads brother in the movie to sell dope.

As introduced in my opening statement under reference, the critic goes on to say that this movie appears to be untrue. The central focus and plot of both movies are the relationships between the key actors Geoffrey Jackson and Natasha Green of Southern Hospitality, and Rashad and New New of the movie ATL. It is from this stand point that the extra elements that was added to ATL, was to in fact shift the emphasis of this critical aspect of the movie thus, giving the impression that this was some how original.

My story became public in late 2004 for a screenwriting competition with the independent black film festival in 2005. A time when according to evidence that Dallas Austin Foundation had just partnered with this festival as early as January 2005. In this year the defendants began working on reproducing my script, and producing their movie, all in a short time according to their production notes. This movie is not only about dreams, it is about a beautiful city that has welcomed me with great warmth and love.. The Federal statue that was outlined fits the complaint, and is therefore true. The defendants' movie ATL never had any copyrights until the movie was released in March 30, 2006. I found it to be very disturbing that writer Mr. Antwone Fisher who received credit for this as an original story made registration to the copyright office as a "Draft" in 2006, but, he states that it was created in 2000. According to the copyright records there had never been any registration of its kind ever made with the copyright office regarding this very critical issue- very suspicious to say the least.

This complaint is not accusing Warner bros nor is it accusing Atlantic Records for any criminal wrong doing. It is therefore, accusing Warner Bro as well as Atlantic Records from profiting from an illegal activity which is well defined in the U.S.C. Title 17, 18, which are outlined in this complaint, and are therefore liable for any subsequent damages. Dallas Austin, Chris Robinson, Tionne Watkins, Antwon Fisher, and Tina Gordon Chism are the defendants that I am accusing and charging of these violations regarding their criminal activity. I want them prosecuted to the full extent of the law.

In closing I would like to direct the court to (Exhibit A) Southern Hospitality – under Title page Targeted Audience & Projected Gross Receipts- beginning with paragraph four. The courts will note that a $150 million dollar gross receipt projection has been made regarding my movie proposal, as well as any additional profit proceeds coming from DVD sells as well as the movie soundtrack sells as a whole. This also showed that not only did my movie proposal have great potential; it is the very reason why

the defendants pursue it to make it theirs. Mr. Dallas Austin is the Executive producer; he is also the executive of the movie sound track. It further shows that their motives where for financial gain based upon my initial projections. U.S.C Title 17 section 506 subsections C, D, and E respectively. I swear under penalty and perjury that the information that I have provided is accurate to the best of my ability, and that this is a serious case and will not cause the Courts any wasted time.

*Larry Lamont Dealfd*

11/10/2009
#Tele: 317-468-5756
NEW WAVE MANAGEMENT LL
1427 W. 86th ST. SUITE 549
Indianapolis, IN. 46260