**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| LARRY L. LEDFORD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-3237-RWS |
| DALLAS AUSTIN, TINA | : | |
| GORDON CHISM, ANTWONE | : | |
| FISHER, CHRIS ROBINSON, | : | |
| TIONNE WATKINS, WARNER | : | |
| BROS. ENTERTAINMENT INC., | : | |
| and ATLANTIC RECORDING | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

This case comes before the Court on Defendants' Motion for Summary

Judgment [30].  After considering the record, the Court enters the following

Order.

**Background**

Plaintiff's Complaint [2] asserts claims under the Copyright Act, 17

U.S.C. § 501 *et seq*., and under the Racketeer Influenced and Corrupt

Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*[1]  Plaintiff's Complaint

[2] alleges the film <u>ATL</u> infringed his copyright in a screenplay entitled

<u>Southern Hospitality</u>.  Plaintiff's screenplay involves

> Geoffrey Jackson an [a]spiring artist who has dreams of breaking
> into the movie industry as a screenwriter.  He relocates to Atlanta,
> Georgia and discovers new friends and the warmth of Southern
> Hospitality.  He takes a dead end job as a four star cook at a local
> popular restaurant called club loo.  As Geoffrey makes his
> transition to Atlanta, he soon meets a very well to do lady name[d]
> Natasha Greene, not knowing her back ground Natasha accepts
> Geoffrey for who, and what he is, thus becoming intimately
> involved in the movie.

(Dkt. [2] at 13).  Plaintiff asserts that his screenplay became public in late 2004

when he entered it into a screenwriting competition associated with an

independent black film festival.  (<u>Id.</u> at 14).  Plaintiff alleges that Defendant

Dallas Austin's foundation had partnered with the festival in early 2005, and it

was then that Austin began reworking Plaintiff's script into the script for <u>ATL</u>.

(<u>Id.</u> at 14).

In 1999, Defendant Warner Bros. acquired the exclusive right to portray

the life stories of Defendants Tionne Watkins and Dallas Austin and registered

a copyright for that right under the title "Jellybeans" in 2000. (Dkt. [30-3] at

---

[1] Plaintiff's Complaint also asserts a claim for the criminal violation of 17
U.S.C. § 506, which the Court previously dismissed as frivolous.  (Dkt. [4]).

2

21).  The rights granted to Warner Bros. "relate to the general events and the period of [Austin's] life while [he was] at a roller rink in Atlanta, which is the approximately 4-year period from 1986 through 1989."  (Id. at 28).  Defendant Fisher delivered his first draft of the screenplay for "Jellybeans" to Warner Bros. in July 2000.  (Id. at 35-149).  From 2000 to 2004, the screenplay underwent multiple revisions, and Defendant Chism completed the tenth draft on April 6, 2004.  (Id. at 153-271).  As presented in the tenth draft of the screenplay, the story concerned

> a young aspiring artist [who] comes of age in a lower-income
> Southwest Atlanta neighborhood; socializes at the local skating
> rink; struggles with family issues, crime, and early adult
> responsibilities; and falls in love with a girl of higher social status
> who sees him for the good-hearted, talented young man that he is.

(Dkt. [30-1] at 5; see also Dkt. [30-3] at 153-271).  The screenplay underwent several more revisions before the final screenplay was submitted on August 16, 2005.  (Id. at 151).  The characters and plot of the final screenplay for ATL closely resemble those of the April 2004 draft.  (Compare Id. at 153-271 and Id. at 273-387).

**Discussion**

I.      **Summary Judgment Standard**

Federal Rule of Civil Procedure 56 requires that summary judgment be

3

granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## II.      Plaintiff's Copyright Infringement Claims

To establish copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  Feist Publ'ns., Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991) (citation omitted).  Demonstrating the second of these elements,

4

> entails proof of both factual and legal copying, that is: (1) whether
> the defendant, as a factual matter, copied portions of the plaintiff's
> work; and (2) whether, as a mixed issue of fact and law, those
> elements of the copyrighted work that have been copied are
> protected expression and of such importance to the copied work
> that the appropriation is actionable.

Peter Letterese and Assocs., Inc. v. World Inst. of Scientology Enters., Intl'l,

533 F.3d 1287, 1300 (11th Cir. 2008) (citations and internal punctuation

omitted).  "In the absence of direct proof, factual copying may be inferred from

circumstantial evidence, either through establishing that the works are strikingly

similar; or through proof of access to the copyrighted work and probative

similarity."  Id. (internal citations and punctuation omitted).  Copyright only

protects original expression and does not extend to any underlying ideas,

procedures, and systems.  Id. at 1302.  "For example, the idea of hunting a

formidable whale at the lead of an eccentric captain is not protected by

copyright law.  The expression of this idea as it is encapsulated in the novel

Moby-Dick, however, is protected by copyright."  Id. (quoting BUC Int'l Corp.

v. Int'l Yacht Council Ltd., 489 F.3d 1129, 1143 (11th Cir. 2007)).

Plaintiff contends that "[t]he central focus and plot of both movies are the

relationships between the key actors Geoffrey Jackson and Natasha Green of

Southern Hospitality, and Rashad and New New of the movie ATL."  (Dkt. [2]

at 14).  In response to Defendants' Motion for Summary Judgment [30],

Plaintiff notes that Geoffrey speaks with a New York accent in the screenplay

for <u>Southern Hospitality</u>, and asserts that Defendants used Geoffrey as the basis

for the character Brooklyn in <u>ATL</u>.  (Dkt. [38] at 2).  However, in his

Complaint [2] Plaintiff appears to assert that Geoffrey was the basis for the

character Rashad in <u>ATL</u>.  (Dkt. [2] at 13).  Plaintiff's Response [38] also notes

that the character KB in <u>Southern Hospitality</u> is a poet and rapper, and served as

the basis for the character Teddy in <u>ATL</u>, who speaks with a southern accent

and southern dialect.  (<u>Id.</u> at 2-3).  However, Plaintiff previously asserted that

his character KB was the basis for Brooklyn's character in <u>ATL.</u>  (Dkt. [30-5] at

20).  Even ignoring the inconsistency of Plaintiff's allegations of similarity, the

alleged similarities between <u>Southern Hospitality</u> and <u>ATL</u> are insufficient to

state a claim for copyright infringement.  At best, the allegations are akin to an

author of a story about an eccentric captain hunting a formidable whale–a story

that is otherwise dissimilar to <u>Moby-Dick</u>–claiming that Herman Melville's

work infringed upon his copyright.

The Eleventh Circuit has noted that "where the similarity between two

works concerns only non-copyrightable elements of the plaintiff's work, or

where no reasonable jury, properly instructed, could find that the two works are

AO 72A
(Rev.8/82)

substantially similar, summary judgment is appropriate." Peter Letterese and
Assocs. Inc., 533 F.3d at 1302 (citation and internal quotation marks omitted).
In the present action, summary judgment is appropriate as to Plaintiff's claim of
copyright infringement.  Plaintiff has failed to "present affirmative evidence to
show that a genuine issue of material fact" exists as to whether the two works
are "strikingly similar." Anderson, 477 U.S. at 257; Peter Letterese and
Assocs., Inc., 533 F.3d at 1300.   Even assuming that Plaintiff could
demonstrate probative similarity between Southern Hospitality and ATL,
Plaintiff has failed to present any affirmative evidence that any of the
Defendants actually had access to his screenplay prior to the creation of the
screenplay for ATL.  Without affirmative evidence in either regard, Plaintiff
cannot demonstrate that Defendants copied original constituent elements of
Southern Hospitality.  Therefore, Plaintiff's claims of copyright infringement
fail to demonstrate a genuine dispute as to a material fact.

## III.    Plaintiff's RICO Claim

To succeed on a claim under RICO a plaintiff must prove each of the
following four elements: (1) conduct (2) of an enterprise (3) through a pattern
(4) of racketeering activity.  Durham v. Bus. Mgmt. Assocs., 847 F.2d 1505,
1511 (11th Cir. 1988).  It appears that Plaintiff relies upon his allegations of

copyright infringement as the necessary predicate offenses of racketeering

activity for the asserted RICO claims.  Because Plaintiff has failed to

demonstrate that copyright infringement occurred, he cannot prove a violation

of RICO.  Therefore, Plaintiff's RICO claims fail to demonstrate a genuine

dispute as to a material fact.

### Conclusion

For the aforementioned reasons, Defendants' Motion for Summary

Judgment [30] is **GRANTED**.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this  11th  day of May, 2010.


**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)